UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH CARL CRISSUP, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-272 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Kenneth Carl Crissup ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Dkt. No. 1). On June 17, 2013, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R) (Dkt. No. 21), recommending that Petitioner's *habeas* petition be dismissed. Petitioner filed his timely Objections (Dkt. No. 25) on June 28, 2013.

Petitioner has also filed a Motion for Oral Argument and Telephonic Hearing (Dkt. No. 22), Motion for Stay and Abeyance (Dkt. No. 27), and Motion for Evidentiary Hearing (Dkt. No. 30), all of which the Magistrate Judge denied (*see* Dkt. Nos. 23, 28, 31, respectively). Petitioner filed objections to each of those orders (Dkt. Nos. 26, 29, 32, respectively) and also moved the Magistrate Judge to reconsider the denial of his motion for an evidentiary hearing (*see* Dkt. No. 33). The Court will consider Petitioner's various motions and objections below.

## I. Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2254

Petitioner filed his first *habeas* petition in federal court in 2007 and was denied relief. After initiating the present action, Petitioner sought leave from the United States Court of Appeals for the Fifth Circuit to file a successive *habeas* petition; however, his request was denied. He thereafter amended his present *habeas* petition, arguing that under *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), his petition should not be dismissed as successive. The Magistrate Judge's M&R disagrees and recommends that Petitioner's amended *habeas* petition be dismissed as successive, explaining that the Fifth Circuit has held that *Lafler* is not retroactively applicable. *In re King*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*) (denying state prisoner's motion to file a successive *habeas* petition on the grounds that *Lafler* did not announce a new rule of constitutional law). Petitioner objects to this conclusion and now argues that his amended *habeas* petition is not successive and should instead be construed as a motion under FED. R. CIV. P. 60(b) alleging fraud on the court.

The Supreme Court has held that a defendant bringing a Rule 60(b) motion may nonetheless run afoul of the prohibition on second or successive *habeas* petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (a post-judgment motion pursuant to Rule 60(b) may be construed as a second or successive *habeas* petition). It is only when a Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id.*

Here, Petitioner raises the following grounds for relief under Rule 60(b):

(1) Petitioner's attorney rendered ineffective assistance at the plea-bargaining stage when he told Petitioner that particular evidence would be inadmissible against him at trial, when it was admissible. Based on this advice, Petitioner rejected two plea agreements, one sentencing him to eight years and the other to fifteen years;

(2) Petitioner was denied due process in his state *habeas* action when the judge denied an evidentiary hearing, misstated the facts of the case, refused to recuse himself, and showed bias in favor of the prosecution;

(3) The state prosecutor and state court falsely represented that Petitioner was never offered and never rejected plea agreements of eight or fifteen years;

(4) The state prosecutor withheld evidence subject to discovery until after the less harsh pleas were rejected and trial commenced in order to obtain a plea agreement with a longer sentence;

(5) Petitioner's due process rights were denied because Texas does not provide trial transcripts to indigent inmates and does not provide inmates a way to make copies to give the court.

While Petitioner alleges several defects in the integrity of various *state* proceedings, he does not attack the integrity of his previous *federal habeas* proceeding. Thus, even if the Court construes Petitioner's amended *habeas* petition as a motion under Rule 60(b), it must be dismissed as second or successive. *See Gonzalez*, 545 U.S. at 532; *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (When a "filing is construed as a second or successive *habeas* petition, then it must be dismissed."). Petitioner's objections are therefore **OVERRULED**.

### II. Other Motions

As stated *supra*, Petitioner also filed a Motion for Oral Argument and Telephonic Hearing, Motion for Stay and Abeyance, and Motion for Evidentiary Hearing. The

Magistrate Judge denied all three motions, explaining that this Court does not have jurisdiction to consider Petitioner's claims until he receives permission from the Fifth Circuit to file a successive *habeas* petition. Petitioner has filed objections to the Magistrate Judge's orders, continuing to argue that his amended *habeas* petition should be construed as a Rule 60(b) motion and that his claims regarding fraud during various state proceedings should be considered on the merits. For the reasons set forth in Part I, *supra*, Petitioner's objections are **OVERRULED**.

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation (Dkt. No. 21), as well as Petitioner's Objections and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

The Court further **OVERRULES** Petitioner's Objections (Dkt. Nos. 26, 29, 32) to the Magistrate Judge's orders denying his Motion for Oral Argument and Telephonic Hearing, Motion for Stay and Abeyance, and Motion for Evidentiary Hearing and **ADOPTS** as its own the orders (Dkt. Nos. 23, 28, 31) of the Magistrate Judge.

In the event that Petitioner seeks a Certificate of Appealability, such request is **DENIED**.

ORDERED this 27th day of August, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE